## STATE OF OREGON,
*Respondent,*

*v.*

## CARLOS GONZALEZ-ALANIZ,
*Appellant.*

(96C-20120; CA A93561)

950 P2d 404

Sally L. Avera, Public Defender, argued the cause for appellant. With her on the brief was Eric M. Cumfer, Deputy Public Defender.

Ann F. Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

After a trial to the court, defendant was found guilty of two counts of delivery of a controlled substance within 1,000 feet of a school. ORS 475.999.[1] The sentencing court ranked the convictions in crime category 8, OAR 253-04-002(2), App 4, and imposed sentences based on aggravating factors and upward departures from the presumptive sentences. Defendant appeals and assigns error to the ranking of the convictions in crime category 8. We affirm.

The first issue raised by the state is whether defendant preserved the error that he assigns on appeal. During closing arguments, defendant argued that, for the purposes of ORS 475.999, the state was required to prove actual delivery and that, because the state had proved only constructive delivery, he could not be convicted of violating ORS 475.999. Defendant never made a formal motion for a judgment of acquittal. The court found that defendant's conduct amounted only to constructive delivery but rejected his argument that the statute required the state to prove actual delivery.

At sentencing, defendant told the court that he did not object to the ranking of his convictions at crime category 8. He reiterated that he believed that the legislature did not intend to punish constructive delivery of a controlled substance under ORS 475.999, that he should receive the presumptive sentences under crime category 8 and that the aggravating factors in the presentence report did not warrant an upward departure under the "200% rule." The court disagreed and departed upward.

On appeal, defendant assigns error:

---

[1] ORS 475.999 provides, in part:

"Except as authorized by ORS 475.005 to 475.285 and 475.940 to 475.995, it is unlawful for any person to:

"(1) Manufacture or deliver a schedule I, II or III controlled substance within 1,000 feet of the real property comprising a public or private elementary, secondary or career school attended primarily by minors.

"(a) Unlawful manufacture or delivery of a controlled substance within 1,000 feet of a school is a Class A felony."

"The court erred by ranking the delivery convictions as category 8 offenses because there was no evidence defendant delivered drugs within 1000 feet of a school as outlawed by ORS 475.999."

Defendant says:

"Sentencing factors setting a crime category under the sentencing guidelines must be proven beyond a reasonable doubt."

He asks that we remand so that he can "be resentenced."[2]

■ Although there are parts of defendant's brief that make it appear that he is attacking the sufficiency of the evidence regarding delivery, we conclude that defendant's assignment of error is aimed at his sentences and not at the legal ruling that led to his convictions. However, defendant did not object to the crime category ranking at sentencing on any grounds, much less the one raised in his assignment of error. Under ORAP 5.45(2), the error that is preserved below must be the error that is assigned on appeal.

■ Even if preserved, the difficulty with defendant's argument is that ORS 475.999 has no sentencing subcategories. The only applicable crime seriousness classification is crime category 8 when a conviction occurs under ORS 475.999. OAR 253-04-002(2), App 4. In sum, defendant's attempt to finesse a claim of insufficiency of evidence made to the trial court into a claim of sentencing error fails under appellate procedural rules as well as substantively.

Affirmed.

---

[2] In his brief, defendant notes, "[d]efendant in fact has some concerns that ORS 475.999 is actually not a sentencing factor but rather a separate offense, but does not raise that question herein without an objection below."